UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS KISSLE COMPANY, LLC., et al. | ) ) ) ) |
| Plaintiff, | ) ) Civ. No. 1:10-cv-11468-NMG |
| v. | ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al. | ) ) ) ) |
| Defendants | ) ) |

**MOTION TO STRIKE EXTRANEOUS MATERIALS
SUBMITTED IN OPPOSITION TO NATIONAL UNION'S
RULE 12(B)(6) MOTION TO DISMISS**

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") respectfully moves to strike various affidavits and documentary materials that have been submitted by Plaintiffs Hans Kissle Company, LLC ("HKC") and OneBeacon America Insurance Company ("OneBeacon") in opposition to National Union's Motion to Dismiss Plaintiffs' First Amended Complaint, and the portions of Plaintiffs' Opposition that rely upon or reference these extraneous materials.

In support of this motion, National Union states as follows:

**BACKGROUND**

This is an action for declaratory judgment based on an insurance contract. Plaintiffs seek to require National Union to defend and indemnify HKC in connection with a legal action brought against HKC by an individual, Julio Mora, who was injured while working at HKC's

premises. The insurance contract under which Plaintiffs seek coverage was between National Union and Preferred Staffing, Inc. ("Preferred Staffing"), a staffing services agency,[1] see Mot. to Dismiss, pp. 2-3; and Mora expressly alleges, in his complaint against HKC, that he was an employee of Preferred Staffing, not HKC. Id., Exh. 2. National Union has declined defense and indemnity, based on, inter alia, an exclusion in the insurance contract ("Modified Exclusion E") that bars coverage for "**Employees**" of Preferred Staffing as the term "**Employees**" is defined in the insurance contract.

On October 4, National Union filed its Motion to Dismiss ("Motion" or "Mot. to Dismiss"), citing Modified Exclusion E, and arguing that Plaintiffs' Amended Complaint failed to state a claim as a matter of law. In accordance with Fed. R. Civ. P. 12(b)(6), National Union's Motion was based solely on the allegations in the Amended Complaint, the documents expressly referenced therein (specifically, the National Union Policy and the Mora Complaint),[2] and applicable law.

On October 29, Plaintiffs filed an Opposition to National Union's Motion to Dismiss, and Memorandum ("Memorandum" or "Opp. Brf.") in support thereof. However, Plaintiffs' Memorandum did not confine itself to arguing why the facts pled in the Amended Complaint

---

[1] Importantly, the Policy does not name HKC as a Named Insured, and there is no indication that HKC was ever identified to National Union as an "Additional Insured" when the Policy was written. For purposes of its Motion to Dismiss, National Union has assumed, without conceding, the disputed factual allegation that HKC was entitled to coverage as an "Additional Insured" or under an "Insured Contract." See Waterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (in reviewing motion to dismiss, all well-pleaded factual allegations must be assumed to be true and all reasonable inferences drawn in Plaintiffs' favor). However, if the Motion to Dismiss is denied, further factual development on this point will be required. See Mot. to Dismiss, fn. 1.

[2] The National Union Policy was attached as an exhibit to Plaintiffs' Amended Complaint. The Mora Complaint was extensively referenced and relied upon by Plaintiffs in their Amended Complaint. Therefore, the references to these documents in National Union's Motion to Dismiss was consistent with Rule 12(b)(6), and did not convert the motion to a motion for summary judgment. See R.G. Fin. Corp v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006) (in considering a motion to dismiss under Rule 12(b)(6), "the court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein.")

2

successfully stated a cause of action, sufficient to survive dismissal under Fed. R. Civ. P. 12(b)(6).

Instead, Plaintiffs' Memorandum introduced a number of extraneous facts, including affidavits of Kevin O'Leary and Chuck O'Donnell, and voluminous extraneous documents and testimony.[3] Much of this extraneous material seems to have been the product of HKC's discovery efforts in an underlying case, Mora v. Hollymatic Corp., to which HKC (but not National Union) was a party. The discovery materials in that case have never been produced or made available to National Union, and National Union has never had an opportunity to review and evaluate the universe of discovery material. Nor has National Union had an opportunity to identify other portions of the factual record that may conflict with the (selected) material that HKC has attached to its Opposition, and that may otherwise support Mora's (and National Union's) position as to Mora's status as a Preferred Staffing employee.

## ARGUMENT

In reviewing a Motion to Dismiss under Rule 12(b)(6), courts may consider the allegations in the complaint, the documents attached to (or fairly referenced in) the complaint, and, under narrow exceptions, other documents whose authenticity is not disputed by the parties.

---

[3] See, e.g., Opp. Brf., Exh. B (interrogatory answers filed in underlying Mora litigation); Exh. C (third party complaint in separate action between Preferred Staffing and HKC); Exh. E (Preferred Staffing's answer to third-party complaint); Exh. G (excerpts from deposition of Brian Calkins, apparently taken in Mora litigation); Exh. H (excerpts from deposition of Patricia Sasso, in Mora litigation); Exh. I (excerpts from deposition of Brendan Gurry, in Mora litigation); Exh. J (excerpts from deposition of Mary Isberg, in Mora litigation); Exh. K (excerpts from deposition of Martin Rubeo, in Mora litigation); Exh. L (excerpts from deposition of William Davis, in Mora litigation); Exh. M (excerpts from deposition of Julio Mora, in Mora litigation); Exh. N (copies of time records, apparently produced in Mora litigation); Exh. O (excerpts from deposition of Hugo DaSilva, in Mora litigation); Exh. P (excerpts from deposition of Robert Pobiedzinski, in Mora litigation).

See Mississippi Pub. Employees Ret. Sys. v. Boston Scientific Corp., 523 F.3d 75, 86 (1st Cir. 2008); see also Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

However, unless a Court treats the motion to dismiss as one for summary judgment, the Court may not consider extraneous material, including affidavits, that are proffered by a plaintiff in opposition to a defendant's motion to dismiss. Smith v. Mortgage Funding Corp., 216 B.R. 686, 688 n.4 (1st Cir. BAP 1997) (district court properly declined to consider affidavits proffered in opposition to defendant's motion to dismiss); see also McGrath v. MacDonald, 853 F.Supp. 1, 3 (D. Mass. 1994) (declining to consider documents from outside the pleadings in opposition to plaintiff's motion to dismiss).

Here, it would be inappropriate for this Court to treat National Union's Motion to Dismiss as a motion for summary judgment. Consistent with Fed. R. Civ. P. 12(b)(6), National Union rested its motion entirely on the allegations of the Amended Complaint, and the documents fairly referenced in that Complaint. It is National Union's right, and the Court's obligation, to test the legal sufficiency of Plaintiffs' Amended Complaint before the parties are drawn down into a lengthy, expensive, and unnecessary course of discovery, culminating in summary judgment motion practice of the sort that Plaintiffs seem to be suggesting here. Therefore, the affidavits and other extraneous material that Plaintiffs have appended to their Opposition should be stricken and not considered, along with the portions of Plaintiffs' Opposition Memorandum that refer or rely on these materials.

Alternatively, and at a minimum – even if this Court were (somehow) to deny National Union's Motion to Dismiss under Rule 12(b)(6), the Court should defer consideration of the extraneous materials that Plaintiffs have submitted, and briefing on Plaintiffs' cross-motion for summary judgment, as premature. The materials that Plaintiffs have submitted in support of

their cross-motion are drawn selectively from an extensive discovery record that National Union has had no opportunity to review. The discovery was taken in a case to which National Union was not a party, and in which it had no opportunity to seek documents or examine witnesses in support of its own positions. Before allowing Plaintiffs to interpose this material in opposition to National Union's Motion to Dismiss, the Court should grant National Union access to the discovery record in the Mora litigation, pursuant to Fed. R. Civ. P. 56(f), and should allow National Union, to either utilize that record, or, from that record, to identify any further discovery that it requires to respond to the allegations contained in Plaintiffs' cross-motion.

                                                     Respectfully submitted,

                                                     NATIONAL UNION FIRE
                                                   INSURANCE COMPANY OF
                                                   PITTSBURGH, PA.

                                                   By its counsel,

                                                 /s/ Eric B. Hermanson
                                                 John D. Hughes, BBO #243660
                                                 Eric B. Hermanson, BBO #560256
                                                 Edwards Angell Palmer & Dodge LLP
                                                 111 Huntington Avenue
                                                 Boston, MA 02199
                                                 (617) 239-0100
                                                 jhughes@eapdlaw.com
                                                 ehermanson@eapdlaw.com

Dated: November 18, 2010

## **CERTIFICATE OF SERVICE**

I, Eric B. Hermanson, do hereby certify that on this 18th day of November 2010, I served a copy of the within document electronically and via first class mail, postage prepaid to Emily Coughlin and Kevin O'Leary, Coughlin Betke LLP, 175 Federal Street, Boston MA 02110.

/s/ Eric B. Hermanson
Eric B. Hermanson