UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANS KISSLE COMPANY, LLC, et al. ) | |
| ) | |
| Plaintiff, ) | Civ. No. 1:10-cv-11468-NMG |
| v. ) | |
| ) | |
| NATIONAL UNION FIRE INSURANCE ) | |
| CO. OF PITTSBURGH, PA, ) | |
| ) | |
| Defendant ) | |
| ) | |

**AFFIDAVIT OF ERIC BRADFORD HERMANSON, ESQ.,
IN SUPPORT OF RULE 56(F) RELIEF**

I, Eric Bradford Hermanson, Esq., being duly sworn, state as follows:

1.     I am an attorney for Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") in the above-captioned litigation.  I submit the following affidavit in connection with National Union's Opposition to the Cross-Motion for Summary Judgment ("Cross-Motion") filed by Plaintiffs Hans Kissle Company, LLC ("HKC") and OneBeacon America Insurance Company ("OneBeacon"), and in support of the request National Union makes in its Opposition for additional discovery under Fed. R. Civ. P. 56(f).

2.     I have reviewed the Cross-Motion and the documents submitted therewith, as part of the Affidavits of Kevin O'Leary and Chuck O'Donnell.  With only a few exceptions, those documents are unfamiliar to National Union.  They appear to have been drawn selectively from the discovery record in a different case, <u>Mora v. Hans Kissle Co.</u>, No. 07-1361-A (the "Mora Litigation") to which National Union was not a party.[1]   It is clear, from the face of the

---

[1]     The exceptions are [1] the National Union Staffing Services Liability Policy at issue in this case, which was previously attached as an exhibit to Plaintiffs' Amended Complaint; and [2] the Amended Complaint in the Mora

documents themselves, that there is a great deal of discovery in the Mora Litigation that is <u>not</u> appended to Plaintiffs' Cross-Motion, and that National Union has not yet seen.  For example, while Plaintiffs have attached excerpts from certain deposition transcripts in the Mora Litigation, National Union has never had a chance to review these transcripts in their entirety.

3.      Moreover, there is reason to believe that this other material – not yet seen by National Union – contains information that is favorable to National Union, and unfavorable to Plaintiffs' current position that Mora was HKC's employee (as opposed to being the employee of Preferred Staffing, National Union's insured).   See, for example, the excerpts of the Mora deposition transcript (pp. 25-26) that Plaintiffs have attached as Exhibit M in support of their Opposition:  "The office would send me to different places.  I didn't have a permanent job.  They would assign me to different factories."

4.      The Mora Complaint states on its face that Mora understood himself to be an employee of Preferred Staffing, and not of HKC.   This Complaint was signed by Mora's counsel, pursuant to Rule 11 of the Massachusetts Rules of Civil Procedure.  Under that Rule, "the signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay."

5.      Finally, I am informed and believe that HKC and OneBeacon have settled the Mora Litigation, for a substantial financial payment.   That settlement was reached while a summary judgment motion alleging that HKC was Mora's employer – *based on precisely the same facts that Plaintiffs now assert* – was pending in Middlesex Superior Court.   HKC's motion – if successful – would have resulted in HKC being dismissed from the litigation, with no

---

Litigation ("Mora Complaint"), plus related pleadings, which are publicly available documents and were fairly referenced in Plaintiffs' Amended Complaint against National Union.

payment, under the statutory workers compensation bar.  It is hard to understand why HKC or OneBeacon agreed to make a substantial settlement payment to Mora if they truly believed that the facts they now assert were "undisputed" showed Mora to be a HKC employee as a matter of law.

6.      As a matter of fundamental fairness, National Union should be given the opportunity to review all of the documents produced and all of the testimony taken in the Mora Litigation, so as to confirm that those documents and testimony are correctly characterized and not taken out of context by the Plaintiffs here.  To the extent the discovery record in that case is inadequate, National Union should be given the opportunity to identify any further discovery that it requires to respond to the allegations contained in Plaintiffs' Cross-Motion.

7.      Without the opportunity to do this, National Union will not be able to respond to Plaintiffs' statement of allegedly undisputed facts, or to comply fully with D. Mass. Loc. R. 56.1.

/s/ Eric B. Hermanson
Eric Hermanson
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100
Dated:  November 19, 2010          ehermanson@eapdlaw.com

## CERTIFICATE OF SERVICE

I, Eric B. Hermanson, do hereby certify that on this 19th day of November 2010, I served a copy of the within document electronically and via first class mail, postage prepaid to Emily Coughlin and Kevin O'Leary,  Coughlin Betke LLP, 175 Federal Street, Boston MA 02110.

/s/ Eric B. Hermanson
Eric B. Hermanson